**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4287

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LYNN GARY SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-03-93)

Submitted: August 15, 2005      Decided: August 26, 2005

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, LAW OFFICES OF WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lynn Gary Smith appeals his seventy-month sentence imposed after he pled guilty to being a felon in possession of a firearm (Count 1), in violation of 18 U.S.C. § 922(g)(1) (2000), and possessing with intent to distribute at least five grams of crack cocaine (Count 2) in violation of 21 U.S.C. § 841(a)(1) (2000).[1]  Smith's counsel has filed a brief, as supplemented, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that Smith's sentence is unconstitutional in light of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  Counsel states, however, that in his view there are no meritorious issues for appeal.  Smith was informed of his right to file a pro se supplemental brief but has not done so.  We affirm.[2]

Smith's counsel first asserts that the district court sentenced Smith in violation of the Sixth Amendment because the court determined drug quantity by a preponderance of the evidence.  Because Smith did not raise this issue in the district court, we review for plain error.  See United States v. Hughes, 401 F.3d 540,

_____

[1]Smith also pled guilty to using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005).  He does not challenge on appeal his conviction or consecutive sixty-month sentence.

[2]In light of our disposition of this case, we deny the Government's motion and supplemental motion for summary affirmance as moot.  See 4th Cir. R. 27(f).

547 (4th Cir. 2005). To demonstrate plain error, Smith must establish that error occurred, that it was plain, and that it affected his substantial rights. Id. at 547-48. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court attributed to Smith 14.3 grams of crack cocaine,[3] thereby establishing a base offense level of twenty-six under U.S. Sentencing Guidelines Manual § 2D1.1(c)(7) (2003). With a criminal history category of II, the applicable

---

[3]The court also attributed 9.7 grams of marijuana to Smith. This amount does not affect the calculation of Smith's offense level.

guideline range was seventy to eighty-seven months of imprisonment. Using only the amount of crack charged in Count 2 of the indictment (i.e., five grams), the base offense level — and, consequently, the guideline range — is the same as that established by the district court. See USSG § 2D1.1(c)(7) (providing for base offense level of twenty-six where offense involves at least five but less than twenty grams of crack). We therefore find no plain error in Smith's sentence because the sentence does not violate the Sixth Amendment.

Next, counsel asserts that Smith's sentence violates Booker because the district court sentenced Smith under the mandatory sentencing guidelines scheme and did not consider the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). We review this claim for plain error and find none. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005) (stating standard of review). Although we held in White that treating the guidelines as mandatory constitutes plain error, see id. at 216-17, our review of the record leads us to conclude that there is no nonspeculative basis on which we could conclude that the district court would have sentenced Smith to a lesser sentence had the court proceeded under an advisory guideline scheme. See id. at 223 (finding that defendant failed to meet burden of demonstrating actual prejudice where "the district court made certain statements suggesting that it was content to sentence [the defendant] within

the guideline range").  Thus, Smith has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Smith's convictions and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>